IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,

    Petitioner,                    No. CIV S-11-3139 GGH P

    vs.

C. GIPSON,                           ORDER &

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

       On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

In the instant petition, petitioner alleges that his rights under the Eighth Amendment, due process and equal protection were violated when he was denied parole as he is being held beyond his statutory maximum eligible parole date. Petitioner states he was sentenced to a life sentence with the possibility of parole for kidnaping, robbery and rape. Petitioner's due process claims are foreclosed by Swarthout and his equal protection claim is difficult to discern and should be denied as meritless.[3]

As a general matter, "so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). Here, petitioner has not established that his sentence exceeds the statutory maximum. Petitioner's sentence of life with the possibility of parole carries no guaranteed parole date, and carries with it the potential that he could serve the entire term. See Pearson, 639 F.3d 1185, 1187 (9th Cir. 2011) (explaining that prisoners serving indeterminate life prison sentences [i.e., those whose life sentences do not include 'without the possibility of parole'] may serve up to life in prison, but may be considered for parole after serving minimum terms of confinement).

---

[3] The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985) (quotation omitted). Petitioner has provided no argument or evidence to support an equal protection claim. He has not, for example, demonstrated that he is being treated differently than any other similarly situated inmate.

1       Moreover, the Ninth Circuit has said that any emotional trauma from dashed
2 expectations concerning parole "does not offend the standards of decency in modern society."
3 Baumann v. Arizona Department of Corrections, 754 F.2d 841, 846 (9th Cir. 1985). See also
4 Bowens v. Sisto, No. CIV S-08-CV-1489 LKK CHS, 2011 WL 2198322, at *8 (E.D. Cal. June 6,
5 2011) ("Petitioner fails to articulate how the denial of parole to an inmate serving an
6 indeterminate life sentence constitutes cruel and unusual punishment, particularly where a parole
7 grant in this context would effectively reduce his presumptively valid maximum sentence of life
8 imprisonment.").

9       To the extent that petitioner is raising a proportionality challenge to his sentence,
10 he fares no better. First, parole eligibility proceedings do not determine the sentence. The life
11 sentence was imposed by the state *court* many years ago. As set forth earlier, life in prison is the
12 presumptive sentence for petitioner's crimes. The denial of parole eligibility by the BPH does
13 not implicate the sentence given. Moreover, even if petitioner's sentence could be reviewed in
14 the context of a parole eligibility decision, with the exception of capital cases, successful Eighth
15 Amendment challenges to the proportionality of a sentence have been "exceedingly rare."
16 Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133 (1980); Ramirez v. Castro, 365 F.3d 755,
17 756-57 (9th Cir. 2004). The Eighth Amendment forbids only extreme sentences that are grossly
18 disproportionate to the crime. Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.Ct. 2680 (1991)
19 (Kennedy, J., concurring). In Hamelin, the Supreme Court upheld a sentence of life
20 imprisonment with no possibility of parole for a first offense crime of possession of 672 grams of
21 cocaine as not being disproportionate. Id. at 1009. Petitioner's rape, robbery and kidnaping
22 convictions are much more serious.

23       For all these reasons, petitioner's Eighth Amendment claim should be denied.
24       Accordingly, IT IS HEREBY ORDERED that;
25       1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is granted; and
26       2. A district judge be assigned to this case.

1    IT IS HEREBY RECOMMENDED that this petition be dismissed.

2    If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

3    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2011

         /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
elsha3139..parole.scrnII